Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SHRUNGI, LLC,** | § | **CASE NO. 21-40166-btr** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

## DEBTOR'S COMBINED PLAN OF REORGANIZATION
## AND DISCLOSURE STATEMENT

Dated: April 19, 2021

THERE HAS BEEN NO INDEPENDENT AUDIT OF THE FINANCIAL INFORMATION CONTAINED IN THE COMBINED PLAN AND DISCLOSURE STATEMENT EXCEPT AS EXPRESSLY INDICATED HEREIN. THE COMBINED PLAN AND DISCLOSURE STATEMENT WAS COMPILED FROM INFORMATION OBTAINED FROM NUMEROUS SOURCES BELIEVED TO BE ACCURATE TO THE BEST OF THE PROPONENTS' KNOWLEDGE, INFORMATION, AND BELIEF. NO GOVERNMENTAL AUTHORITY HAS PASSED ON, CONFIRMED, OR DETERMINED THE ACCURACY OR ADEQUACY OF THE INFORMATION CONTAINED HEREIN.

NOTHING STATED HEREIN SHALL BE DEEMED OR CONSTRUED AS AN ADMISSION OF ANY FACT OR LIABILITY BY ANY PARTY, OR BE ADMISSIBLE IN ANY PROCEEDING INVOLVING THE PROPONENTS OR ANY OTHER PARTY, OR BE DEEMED CONCLUSIVE EVIDENCE OF THE TAX OR OTHER LEGAL EFFECTS OF THE COMBINED PLAN AND DISCLOSURE STATEMENT ON THE PROPONENTS, DEBTOR OR HOLDERS OF CLAIMS OR EQUITY INTERESTS. CERTAIN STATEMENTS CONTAINED HEREIN, BY THEIR NATURE, ARE FORWARD-LOOKING AND CONTAIN ESTIMATES AND ASSUMPTIONS. THERE CAN BE NO ASSURANCE THAT SUCH STATEMENTS WILL REFLECT ACTUAL OUTCOMES.

THE STATEMENTS CONTAINED HEREIN ARE MADE AS OF THE DATE HEREOF, UNLESS ANOTHER TIME IS SPECIFIED. THE DELIVERY OF THE COMBINED PLAN AND THE DISCLOSURE STATEMENT SHALL NOT BE DEEMED OR CONSTRUED TO CREATE ANY IMPLICATION THAT THE INFORMATION CONTAINED HEREIN IS CORRECT AT ANY TIME AFTER THE DATE HEREOF.

HOLDERS OF CLAIMS AND EQUITY INTERESTS SHOULD NOT CONSTRUE THE CONTENTS OF THE COMBINED PLAN AND DISCLOSURE STATEMENT AS PROVIDING ANY LEGAL, BUSINESS, FINANCIAL, OR TAX ADVICE. THEREFORE, EACH SUCH HOLDER SHOULD CONSULT WITH ITS OWN LEGAL, BUSINESS, FINANCIAL, AND TAX ADVISORS AS TO ANY SUCH MATTERS CONCERNING THE COMBINED PLAN AND DISCLOSURE STATEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY.

## <u>TABLE OF CONTENTS</u>

Article I.        INTRODUCTION ................................................................................4

Article II.       DEFINITIONS ..................................................................................4

Article III.      VOTING ON THE PLAN AND OBJECTIONS ................................................7

Article IV.       HISTORY AND OPERATIONS OF THE DEBTOR, EVENTS DURING
                  THE BANKRUPTCY CASE, AND SUMMARY OF ASSES AND
                  LIABILITIES ..................................................................................8

Article V.        LIQUIDATION ANALYSIS ....................................................................11

Article VI.       PLAN OF REORGANIZATION ...............................................................13

Article VII.      RESERVATION OF CLAIMS .................................................................18

Article VIII.     EFFECT OF CONFIRMATION, DISCHARGE, RELEASES
                  AND INJUNCTION ............................................................................18

Article IX.       MISCELLANEOUS PROVISIONS .............................................................21

EXHIBITS:
      Exhibit 1 – Monthly Operating Reports
      Exhibit 2 – Schedule A/B
      Exhibit 3 – Projections

# ARTICLE I.  INTRODUCTION

This *Combined Plan of Reorganization and Disclosure Statement* (the "Plan") is proposed by Shrungi, LLC, the debtor in this case (the "Debtor"). On February 1, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division. This Plan is provided pursuant to the Bankruptcy Code to all the Debtor's known creditors, equity interest holders and other parties in interest. **Under the Plan, all Claimants will receive payment of 100% of their Allowed Claims.**

The Debtor is the owner of a hotel in Bridgeport, Texas (the "Hotel").  The Hotel is not currently operating due to the surprisingly poor condition in which the Debtor found the Hotel after purchasing it, as further explained in Article IV below. Pursuant to this Plan the equity owners of the Debtor will contribute new funds to enable  renovation of the Hotel and to re-open the Hotel to generate revenues to fund the payments proposed under the Plan.  The details of the Plan are set out in Article VI of this document.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

# ARTICLE II.  DEFINITIONS

Except as expressly provided herein or unless the context otherwise requires, the terms set forth in this Article II shall have the following meanings when used in initially capitalized form in this Plan. Any term used in initially capitalized form that is not defined herein, but that is defined in the Bankruptcy Code, shall have the meaning assigned to such term in the Bankruptcy Code. Such meanings shall be equally applicable to both the singular and plural forms of such terms.

**2.1** "**Administrative Expense Claim**" means an administrative expense or claim described in Bankruptcy Code § 503 and entitled to administrative priority pursuant to Bankruptcy Code § 507(a)(1), including, but not limited to, Fee Claims.

**2.2** "**Allowed Amount**" means the amount of any Allowed Claim.

**2.3** "**Allowed Claim**" means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that: (i) a Proof of Claim or request for payment was timely filed, or, with leave of the Bankruptcy Court, late filed, and as to which no objection has been timely filed with the Bankruptcy Court, or, if filed, is allowed by a Final Order, unless otherwise provided in this Plan; (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and no objection has been timely filed or, if filed, is allowed by a Final Order; or (iii) with respect to an Administrative Expense Claim or Fee Claim, the Administrative Expense Claim or Fee Claim has been approved by a Final Order upon notice and application to the Bankruptcy Court.

**2.4** "**Assets**" means property of the Estate.

**2.5** "**Avoidance Actions**" means any and all rights, claims, and causes of action which a trustee, the Debtor or other appropriate party in interest would be able to assert on behalf of the Estate under this Plan applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542-551, and 553.

**2.6** "**Bankruptcy Case**" or "**Case**" means this bankruptcy case: Case No. 21-40166-btr styled as Shrungi, LLC., pending before the Bankruptcy Court.

**2.7** "**Bankruptcy Code**" or "**Code**" means the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

**2.8** "**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division, or other such court that may have jurisdiction with respect to the reorganization of the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

**2.9** "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as amended, and "**Bankruptcy Rule**" refers to a specific rule therein.

**2.10** "**Bar Date**" means June 1, 2021, the deadline established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3), after which any Proof of Claim may not be timely filed, except Claims held by governmental agencies.

**2.11** "**Business Day**" shall mean any day that is not a Saturday, Sunday, or one of the legal holidays listed in Bankruptcy Rule 9006(a).

**2.12** "**Claim**" shall have the meaning set forth in Bankruptcy Code § 101(5).

**2.13** "**Claimant**" or "**Creditor**" means the holder of a Claim or interest in the Assets.

**2.14** "**Class**" means any class into which Claims are classified pursuant to Article VI of the Plan. Each subclass of a class shall be treated as a separate class.

**2.15** "**Confirmation**" means the Bankruptcy Court's entry of the Confirmation Order.

**2.16** "**Confirmation Date**" means the date on which the Order confirming this Plan is entered.

**2.17** "**Confirmation Hearing**" means the hearing or hearings held before the Bankruptcy Court in which the Debtors will seek Confirmation of this Plan.

**2.18** "**Confirmation Order**" means the Order confirming this Plan.

**2.19** "**Contested**" when used with respect to a Claim, means a Claim against the Debtor: (i) that is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent, or unliquidated; (ii) that is listed in the Debtor's Schedules of Assets and Liabilities as undisputed, liquidated, and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled

amount; (iii) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (iv) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

**2.20** "**Debtor**" means Shrungi, LLC., the Debtor herein.

**2.21** "**Disputed**" with respect to a Claim means either: (i) a Claim which has been objected to by the Debtor; or (ii) a Claim that is listed on the Debtor's bankruptcy schedules as "disputed, contingent or unliquidated" and for which such Creditor or Interest holder has not filed a Proof of Claim.

**2.22** "**Effective Date**" means the thirtieth (30th) day after the Confirmation Date.

**2.23** "**Estate**" means the bankruptcy estate of the Debtor in this Case.

**2.24** "**Fee Claim**" means a Claim under Bankruptcy Code §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in this Bankruptcy Case.

**2.25** "**Fee Application**" means an application filed with the Bankruptcy Court for allowance of a Fee Claim.

**2.26** "**Final Order**" means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

**2.27** "**Impaired**" means the treatment of an Allowed Claim or Interest pursuant to the Plan unless, with respect to such Claim or Interest, either: (i) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in § 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or (iii) the Plan provides that on the Effective Date, the holder of such Claim or Interest receives, on account of such Claim or Interest, cash equal to the Allowed Amount of such Claim or Interest.

**2.28** "**Insider**" has the meaning provided by § 101(31) of the Bankruptcy Code.

**2.29** "**Interest**" means any equity or ownership interest in the Debtor.

**2.30**   "**Lien**" means any charge against or interest in property to secure payment of debt or performance of an obligation and includes a judicial lien, security interest, and deed of trust, mortgage and property tax lien.

**2.31**   "**Order**" means an Order of the Bankruptcy Court.

**2.32**   "**Petition Date**" means February 1, 2021, the date on which the Debtor filed its voluntary petition in this Case.

**2.33**   "**Plan**" means this *Combined Plan of Reorganization and Disclosure Statement*, including any amendments, modifications or corrections made thereto.

**2.34**   "**Plan Proponent**" or "**Proponent**" means the Debtor.

**2.35**   "**Priority Tax Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

**2.36**   "**Proof of Claim**" means a written statement setting forth a Creditor's Claim filed in this Case and conforming substantially to the appropriate official form.

**2.37**   "**Schedules and Statements**" means and refers to the Debtor's bankruptcy schedules A/B, D-H and Statement of Financial Affairs filed by the Debtor, and any amendments thereto.

**2.38**   "**Secured Claim**" means a Claim that is secured within the meaning of Bankruptcy Code § 506(a). Should the value of the collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the collateral and an Unsecured Claim for the remainder.

**2.39**   "**Unsecured Claim**" means any Claim that is not a Secured Claim or an Administrative Expense Claim and that is not entitled to priority treatment under Bankruptcy Code § 507.

## <u>ARTICLE III.  VOTING ON THE PLAN AND OBJECTIONS</u>

**3.1**   <u>**Who May Vote**</u>

You are entitled to vote on the Plan unless:

(1)   your Claim or Interest is Disputed (as defined herein);

(2)   your Class receives no distribution (presumed to reject the Plan);

(3)   your Class is "unimpaired" (presumed to accept the Plan – *See* Sections 6.01 and 6.02 to see if your Class is Impaired or unimpaired); or

(4)   your Claim is unclassified (and thus required by law to be paid in full).

If your Claim or Interest is Disputed, then you must file a motion and have it allowed for

voting purposes (you must do that soon so that your motion can be heard before votes are counted. *See* Bankruptcy Rule 3018(a)).

### 3.2    How to Vote

Fill out and return the attached ballot (if you are entitled to vote) **by the deadline** and according to the other instructions in the enclosed order regarding voting and procedures.

### 3.3    Effect of Vote

After a plan of reorganization has been filed, it must either be accepted by holders of claims against, or interests in, the debtor, or be found by the Court not to discriminate unfairly and that it is fair and equitable with respect to each class of claims or interests that is impaired under the plan or that has not accepted the plan.

Acceptance of the plan by the Creditors and Equity Interest Holders is important. In order for the plan to be accepted by each class of claims, the creditors that hold at least two thirds (2/3) in amount and more than one-half (½) in number of the allowed claims actually voting on the plan in such class must vote for the plan and the equity interest holders that hold at least two-thirds (2/3) in amount of the allowed interests actually voting on the plan in such class must vote for the plan. A Subchapter V Chapter 11 does not require that each holder of a claim against, or interest in, the debtor vote in favor of the plan in order for it to be confirmed by the Court.

### 3.4    Who May Object

Even if you are not entitled to vote, you may object to Confirmation of the Plan if you believe that the requirements for Confirmation are not met (and if you are a party in interest in this bankruptcy case). For the deadlines and procedures to object, see the enclosed order.

### ARTICLE IV.  HISTORY AND OPERATIONS OF THE DEBTOR, EVENTS DURING THE BANKRUPTCY CASE, AND SUMMARY OF ASSETS AND LIABILITIES

### 4.1.    The Debtor's Prepetition Operations.

Prior to the Petition Date, the Debtor was in the business of owning and operating a 58-room hotel in the city of Bridgeport, Texas. The Debtor purchased the Hotel on February 20, 2020 from Shri Ganeshay, LLC, which is also the Debtor's Secured lender. Soon after the Debtor's purchase of the Hotel, the Debtor discovered that the prior owner had misrepresented the condition of the Hotel, which was in very poor condition with 38 rooms in such bad shape they were unrentable to the public.  Nevertheless, the Debtor operated the hotel until September 2020, when it was unable to continue due to the inability to rent all rooms and the effects of the COVID-19 virus.

### 4.2    Litigation.

Prior to the filing of the Case, Shri Ganeshay, LLC filed suit against the Debtor in the case of *Shri Ganeshay, LLC v. Shrungi, LLC, et. al,* case no. CV20-10-847 in the 271st Judicial District

Court of Wise County, Texas. In addition, Shri Ganeshay, LLC posted the Hotel for a non-judicial foreclosure to take place on February 2, 2021. The state court case and the foreclosure were stayed by the filing of this Bankruptcy Case.

### 4.3.    The Bankruptcy Case.

The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 1, 2021. The Bankruptcy Case is pending before the Honorable Brenda Rhoades in the Bankruptcy Court. Significant events occurring during the Case are as follows:

a.    On March 5, 2021, filed an Amended Motion for Relief from Automatic Stay (the "Stay Motion"). The Debtor filed an Objection to the Stay Motion on March 18, 2021. A hearing is scheduled on the Stay Motion on May 4, 2021.

b.    On March 2, 2021, the Court entered an *Order Granting Debtor's to Employ Counsel*, approving the retention of Joyce W. Lindauer Attorney, PLLC and general counsel for the Debtor in this Case.

### 4.4    Post-Petition Date Operations.

Renovation and repair of the Hotel is facilities underway to allow for the reopening of the Hotel. The Debtor projects that as of the Confirmation Date it will be able to maintain 40 rooms for rent (out of 58 existing rooms) and charge an average room rate of $59.00 per night, resulting in monthly gross revenue of $70,800.00 (40 x59x30) less a vacancy factor of 10%. As rooms are repaired, renovated and made available for occupancy, the number of available rooms will increase this revenue calculation.

A copy of the Debtor's Monthly Operating Reports filed in this Case are attached hereto as **Exhibit 1.**

### 4.5    Assets of the Debtor

The Debtor scheduled Assets with a total value of $1,050,905.00 as of the Petition Date, detailed as follows:

| | |
|---|---|
| Real Property (Hotel and land) | $850,000 |
| Hotel furnishings, machinery and equipment | $197,500 |
| Office furniture and computers | $2,500 |
| Cash | $905 |

Although the real property was purchased for $2,250,000.00, the current value is only $850,000,00, in the Debtor's opinion plus the Hotel furnishings. The diminution of value is related solely to Shri Ganeshay, LLC's knowing and fraudulent misrepresentation of, and willful failure to disclose, the material state of the Hotel at the time of purchase. The Debtor has an Avoidance Action and other causes of action it may bring against Shri Ganeshay, LLC as a result of these

misrepresentations and omissions. Further there are claims against Shri Ganeshay, LLC pending in the pre-petition state court case.

The Assets of the Debtor are more fully described in Schedule B filed by the Debtor, a copy of which is attached hereto as **Exhibit 2.**

### 4.6    Liabilities of the Debtor

According to Debtor's Schedules and the Proofs of Claim filed in this Case, the Debtor's liabilities are as follows:

**a.    Administrative Expense Claims.**

The Estate may be liable for certain Administrative Expense Claims pursuant to Bankruptcy Code §503(b) through the Confirmation Date. Before the Debtor pays any Fee Claims, the Bankruptcy Court will have determined the reasonableness of such fees and expenses. Those are estimated at $25,000.

**b.    Priority Tax Claims.**

The Internal Revenue Service filed a proof of claim for taxes entitled to priority treatment under 11 U.S.C. Section 507(a)(8) in the amount of $1,126.99.

**c.    Secured Claims.**

The Debtor scheduled Shri Ganeshay, LLC with a total Claim of $2,250,000.00, of which $1,050,000.00 is Secured and $1,200,000.00 is Unsecured.

Wise County, Texas filed a Secured Claim for property taxes in the amount of $85,881.76.

**d.    General Unsecured Claims.**

The Debtor scheduled total Unsecured Claims (other than the Unsecured portion of the Claim of Shri Ganeshay, LLC) in the amount of $5,367.09.

### 4.7    Tax Consequences of the Plan

**a.    Disclaimer.** The Debtor does not purport to provide tax advice to the holders of Claims. The following is intended only as a summary of possible federal income tax consequences of the Plan and is not a substitute for careful tax planning with a tax professional. The following is for information purposes only and is NOT tax advice. The tax consequences are in many cases uncertain and may vary depending on a holder's

individual circumstances. Accordingly, holders of Claims are urged to consult with their tax advisors about the federal, state, local, and foreign tax consequences of the Plan on their tax returns and tax liabilities.

b.      **Tax Consequences.** Implementation of the Plan may result in federal income tax consequences to holders of Claims or Interests and the Debtor. Tax consequences to a particular Claim or Interest holder may depend on the particular circumstances or facts regarding the Claim or Interest. IRS Publication 908, entitled "Bankruptcy Tax Guide" provides valuable information regarding the federal income tax aspects of bankruptcy. The "Bankruptcy Tax Guide" is available directly from the IRS online at http://www.irs.gov/pub/irs-pdf/p908.pdf.

c.      **Cancellation of Debt.** Cancellation of the Debtor's debt ("**COD**") is generally considered as taxable income of the Debtor. COD is the amount by which the indebtedness discharged exceeds any consideration given in exchange. However, there are exceptions which prevent COD from being treated as taxable income. To the extent the Debtor is insolvent or the Debtor is discharged in a bankruptcy proceeding, as is the case at bar, the Internal Revenue Code excludes COD from income. The statutory exclusion for COD from the Debtor's gross income in a Chapter 11 bankruptcy case arises where a discharge is granted by the Court as is requested in the Plan.

d.      **Holders of Allowed Claims.** The tax consequences associated with distributions under the Plan to the holders of an Allowed Claim will depend on, among other things: (i) the consideration received or deemed to have been received by the holder of any such Claim; (ii) whether the Allowed Claim holder reports income on an accrual or cash basis; (iii) the taxable year in which any distributions under the Plan are received by the Allowed Claim holder; (iv) whether the Claim was Allowed or Contested/Disputed as of the Effective Date; and (v) whether such Allowed Claim holder had previously written the obligation off as bad debt. ALLOWED CLAIM HOLDERS ARE URGED TO CONSULT WITH THEIR TAX ADVISORS ABOUT THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

## <u>ARTICLE V.  FORCED OR CHAPTER 7 LIQUIDATION ANALYSIS</u>

Section 1129(a)(7) of the Bankruptcy Code requires that a Chapter 11 plan of reorganization must provide at least as much value to each Impaired Creditor as could be realized in a liquidation under Chapter 7 of the Bankruptcy Code.

In determining whether the requirements of Section 1129(a)(7) of the Bankruptcy Code have been met, the first step is to determine the dollar amount that would be generated from a hypothetical liquidation of the Debtor's assets in Chapter 7. Such amounts must then be reduced by the costs and expenses of the liquidation. Further reductions would be required to eliminate

cash and asset liquidation proceeds that would be applied to Secured Claims and amounts necessary to satisfy Priority Claims that are senior to general Unsecured Claims (including Administrative Expense Claims that may result from the termination of the Debtor's business and the liquidation of its assets).

### Liquidation Analysis

Liabilities shown below are as scheduled by the Debtor, unless the Claimant has filed a proof of claim stating a different amount.

The Debtor estimates that the value of the Real Property in a forced liquidation sale, such as a foreclosure under Texas law, would yield net proceeds of approximately 75% of the market value as scheduled by the Debtor.

The Debtor estimates that the value of furniture, fixtures, equipment would be approximate one-half of market value as scheduled by the Debtor.

### Assets

| | |
|---|---|
| Real Property | $637,500.00[1] |
| Office furniture, computers, machinery, hotel furnishings and supplies | $100,000.00 |
| Cash | $905.00 |
| Less 5% liquidation costs for real property | <u><$31,875.00></u> |
| **Total Assets** | **$ 706,530.00** |

### Liabilities

| | | |
|---|---|---|
| Administrative Expenses and UST Fees | | $25,000[2] |
| Priority Tax Claims | | $1,127.00 |
| Class 1 | Non-Tax Priority Claims | $0.0 |
| Class 2 | All Claims of Shri Ganeshay, LLC | $2,250,000[3] |
| Class 3 | Secured Claims of Wise County | $85,882.00 |
| Class 4 | General Unsecured Claims | $5,367.09 |
| Class 5 | Equity Interests | |

---

1 Debtor's estimate of the value of the Real Property in a forced sale (75% of market value).

2 Debtor's estimate.

3 Total claim as scheduled by the Debtor, without bifurcation into secured and unsecured portions.

|  |  |
|---|---|
| **Total Liabilities** | **$ 2,403,376.09** |

**TOTAL ASSETS LESS TOTAL LIABILITIES**          **-$ 1,696,846.09**

*NOTE:* **Under the above analysis, only Secured Claims would receive distributions in a Chapter 7 case.  Under this Plan; however, Unsecured Claimants will receive 100% of their Claims.**

## ARTICLE VI.  PLAN OF REORGANIZATION

### 6.1    Classification of Claims and Interests

Claims against the Debtor, excluding Administrative Expense Claims and Priority Tax Claims, are divided into the following Classes:

**Class 1 Claims:**  Non-Tax Priority Claims.

**Class 2 Claim:**  All Allowed Claims of Shri Ganeshay, LLC.

**Class 3 Claims:**  Allowed Secured Claim of Wise County, Texas.

**Class 4 Claims:** Allowed General Unsecured Claims.

**Class 5 Equity Interests:** Equity Interest Holders

### 6.2    Claims and Interests Impaired Under the Plan

Claims in Classes 1 - 4 are Impaired and entitled to vote on this Plan. Class 5 Equity Interests shall be retained and are not Impaired.

### 6.3    Treatment of Unclassified Claims, Administrative Expense Claims, Priority Tax Claims, and U.S. Trustee Fees

a.    **Unclassified Claims.** All Allowed Claims (except Administrative Expense Claims and Priority Tax Claims) are placed in Classes for all purposes, including voting on, confirmation of, and distributions under this Plan. In accordance with Bankruptcy Code § 1123(a)(1), Administrative Expense Claims and Allowed Priority Tax Claims have not been classified.

b.    **Administrative Expense Claims.** Each holder of an Allowed Administrative Expense Claim under Bankruptcy Code § 503 shall receive from the Plan Proponent the amount of such holder's Allowed Claim in one or more cash payments as soon as reasonably possible after the Effective Date to the extent funds are available after the receipt of proceeds from the sale of all or part of the Assets by the Plan Proponent.

1.      <u>Fee Claims.</u> Each professional person whose retention with respect to this Case has been approved by the Bankruptcy Court or who holds, or asserts, an Administrative Expense Claim that is a Fee Claim shall be required to file with the Bankruptcy Court a final fee application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The failure to file timely any such application as required shall result in the Fee Claim being forever barred and discharged. A Fee Claim, with respect to which a Fee Application has been properly filed, shall become an Administrative Expense Claim only to the extent allowed by Final Order. Holders of Allowed Fee Claims shall receive from the Proponent the amount of such holder's Allowed Claim in one or more cash payments as soon as reasonably possible to the extent funds are available after the receipt of proceeds from the sale of all or part of the Assets by the Proponent.

2.      <u>Administrative Expense Claims Bar Date.</u> Any other person or entity who claims to hold an Administrative Expense Claim (other than a Fee Claim) shall be required to file with the Bankruptcy Court an application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The failure to file timely the application as required under this section) of this Plan shall result in the Claim being forever barred and discharged. An Administrative Expense Claim with respect to which an application has been properly filed and to which no timely objection has been filed or an objection has been filed but overruled by the Bankruptcy Court, shall become an Allowed Claim to the extent such Claim is allowed by Final Order.

c.      **Priority Tax Claims.** Any holder of an Allowed Priority Tax Claim within the meaning of Bankruptcy Code § 507(a)(8) will be paid such holder's Allowed Claim in one or more cash payments within 60 months after the Petition Date to the extent funds are available after the receipt of proceeds from the sale of all or part of the Assets by the Proponent, with interest accruing from the Petition Date at the applicable statutory rate.

The Internal Revenue Service filed a Priority Tax Claim for $1,127.00.

### 6.4     <u>Treatment of Classified Claims and Interests Under the Plan</u>

**Class 1 Claims:  Non-Tax Priority Claims.** Class 1 Claims shall be paid in full in equal monthly installments of principal and interest over 60 months from the Effective Date. Payments shall commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter. Interest shall accrue at the rate of 2% per annum commencing on the Effective Date.  These Claims are IMPAIRED.   The Debtor does not believe any such Claims exist.

**Class 2 Claims:  All Allowed Claims of Shri Ganeshay, LLC.** Class 2 Claims shall be paid in full in equal monthly installments of principal and interest over 60 months from the Effective Date. The Allowed Claim Amount shall be amortized over 30 years. Payments shall commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter. Interest shall accrue at the rate of 4.25% per annum commencing on the Effective Date. This Claimant shall retain its pre-Petition Date Liens securing this Claim until it is paid in full.

This Allowed Claim is subject to offset due to the claims that the Debtor has against the Creditor.  Such claims are described in pending litigation.  The Debtor projects that such litigation will substantially reduce the amount owed to the Creditor.  The Debtor will pay the amount that the Court ultimately determines that is owed to the Creditor. Until such amount is determined the Debtor will pay the Creditor $11,068.65 per month.

This Claim is IMPAIRED.

**Class 3 Claims:  Allowed Secured Claims of Wise County.**  The Class 3 Claim shall be paid in full over the time period from the Petition Date to the expiration of five (5) years from the Petition Date, with interest thereon at the rate of interest of 12% per annum.  The Claim will be paid in equal monthly installments of principal and interest, commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter. Interest shall begin to accrue as of the Petition Date.  This Claimant shall retain its pre- and post-Petition Date statutory Liens securing this Claim until it is paid in full.

Should the Debtor sell the property securing this Claim prior to the expiration of the aforementioned payments to this Claimant, the Debtor shall pay this Claim in full from the proceeds of closing of such sale, with the liens that secure all unpaid tax years remaining attached to the property sold. This Claim is IMPAIRED.

**Class 4 Claims: Allowed General Unsecured Claims.** Class 4 Claimants shall receive 100% of the amount of their Allowed Claims, payable over 5 years in equal monthly installments commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter.  These Claims are IMPAIRED.

**Class 5 Interests: Allowed Equity Interest Holders.**  Class 8 Interests shall be retained. The Class 5 Equity Interest Holders shall make a capital contribution of  at least $50,000.00 to the Debtor on the Effective Date.  These Interests are not Impaired and are deemed to have voted for the Plan.

**6.5    Consummation and Implementation of Plan.**  This Plan will be substantially consummated by the commencement of payments as called for above.

Pursuant to this Plan the equity owners of the Debtor will contribute $50,000.00 in new funds borrowed from a readily available source (friends and family) to enable the Debtor to renovate and re-open the Hotel and generate revenues to fund the payments proposed under the Plan.

The Debtor projects that as of the Effective Date it will be able to maintain 40 rooms for rent (out of 58 existing rooms) and charge an average room rate of $59.00 per night, resulting in monthly gross revenue of $70,800.00 (50x59x30). As rooms are repaired, renovated and made available for occupancy, the number of available rooms will increase this revenue calculation.

Post-Confirmation Management.  Post-Confirmation management and daily operations of the Debtor shall be personally performed by the principals of the Debtor, Nikunj Patel and Mehul Gajera, not by hired employees, which will further minimize the Debtor's expenses.

Risks under the Plan. Although the Debtor believes the Plan satisfies all requirement necessary for Confirmation, there can be no assurance that the Court will reach the same conclusion. As always in the case of operating a business, there is a possibility that revenues will not reach an adequate level to fund the Debtor's expenses, including payments under the Plan. Moreover, there can be no assurance that modifications of the Plan will not be required for Confirmation or that such modifications would not necessitate the re-solicitation of votes to accept the Plan as modified.

### 6.6    Feasibility of the Plan

The Debtor believes the Plan is feasible because, with the $50,000 capital contribution by the equity holders and the renovation and repairs to be performed, the Hotel will generate at least $70,000.00 per month in revenue (less a possible 10% vacancy factor), which is more than adequate to fund the Plan payments.  The Debtor has prepared detailed projections of operating income, expenses and Plan payments, which are attached hereto as **Exhibit 3.**

### 6.7    Provisions Regarding Distributions and Objections to Claims

a.    **Time of Payment.** All payments under this Plan will commence on the Effective Date.

b.    **Delivery of Payment.** All payments or distributions required under this Plan shall be made to holder of the applicable Claim at: (i) the address set forth on the Proofs of Claim filed by such holders (or at the last known address of such holders if no Proof of Claim is filed or if the Proponent has been notified of a change of address); (ii) the address set forth in any written notices of address change delivered to the Proponent; or (iii) if neither of the foregoing is applicable, at the addresses reflected in the Debtor's bankruptcy schedules, unless otherwise agreed to by the holder of such Claim and the Proponents.

c.    **No Distribution Pending Allowance or Estimation of Claims.** No payments or distributions shall be made with respect to all or any portion of a Contested Claim unless and until such Claim becomes an Allowed Claim or Allowed Interest, as determined by Final Order. No holder of a Claim

shall be entitled to any payment under the Plan if such holder has retained property of the Estate.

d.  **Objections to Claims.** Any party authorized by the Bankruptcy Code may object to the allowance of prepetition Claims at any time prior to sixty (60) days after the Effective Date or, as to Claims based upon the Debtor's rejection pursuant to this Plan of an executory contract or unexpired lease, at any time prior to thirty (30) days after the filing of any such rejection Claim or rejection pursuant to this Plan. All Contested Claims shall be litigated to Final Order; provided, however, that the Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court. Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

e.  **Suspension of Payments on Disputed Claims.** If any Claim has been objected to within the time required, the Proponent shall segregate and set aside, from the funds on hand for distribution to the Claimant's Class, funds sufficient to satisfy the payment otherwise due on the Claim according to the provisions of the Plan. In the event that the claim objection is overruled or a dispute is resolved favorably to the party asserting the Claim, then the funds shall be paid to the Creditor in accordance with applicable Class provisions. In the event that the Disputed Claim is disallowed, the funds segregated in deference to the Claim shall be disbursed to other parties in interest, according to the applicable provisions of the Plan.

## 6.8    General Rejection of Executory Contracts and Unexpired Leases.

Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under section 6.08(b) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, or that were entered after the Petition Date, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

## 6.9    Default

In the event of a default under the Plan, the affected Claimant or its counsel shall provide notice to counsel for the Debtor/Reorganized Debtor. The Debtor/Reorganized Debtor shall have twenty (20) days to cure the default. In the event the Debtor/Reorganized Debtor fails to cure the default within 20 days after receipt of notice, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court. The Debtor/Reorganized Debtor shall only be entitled to two notices of default a year. In the event of a third default, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside the Bankruptcy Court without further notice.  Failure to timely pay post-petition taxes shall be an event of default under the Plan.

## ARTICLE VII.  RESERVATION OF CLAIMS

### 7.1    Reservation of Claims and Causes of Action

Any and all claims, causes of action, cross claims, or counterclaims held or assertable by the Debtor, including but not limited to: (i) any claim or cause of action under a policy of liability insurance or otherwise; (ii) the Avoidance Actions; and (iii) any and all claims, causes of action, counterclaims, demands, controversies, against third parties on account of costs, debts, sums of money, accounts, reckonings, bonds, bills, damages, obligations, liabilities, objections, and executions of any nature, type, or description which the Debtor has or may come to have, including, but not limited to, negligence, gross negligence, usury, fraud, deceit, misrepresentation, conspiracy, unconscionability, duress, economic duress, defamation, control, interference with contractual and business relationships, conflicts of interest, misuse of insider information, concealment, disclosure, secrecy, misuse of collateral, wrongful release of collateral, failure to inspect, environmental due diligence, negligent loan processing and administration, wrongful setoff, violations of statutes and regulations of governmental entities, instrumentalities and agencies (both civil and criminal), racketeering activities, securities and antitrust violations, tying arrangements, deceptive trade practices, breach or abuse of fiduciary duty, breach of any alleged special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good faith, whether or not in connection with or related to this Plan, at law or in equity, in contract or in tort, or otherwise, known or unknown, suspected or unsuspected, are hereby preserved and retained for enforcement by the Proponent as of the Confirmation Date. It is the intent of the Debtor that this reservation of claims shall be as broad as permitted by applicable law and shall include all claims, whether or not disclosed in the Debtor's Schedules and Statements. Specifically the Debtor is preserving its claims against Shir Ganeshay, LLC and all those acting in concert with it.

The Debtor believes it has actionable claims against Shri Ganeshay, LLC in categories (ii) and (iii) above.

### 7.2    Return of Fraudulent Transfers

Any Creditor determined to have received a transfer that is voidable pursuant to sections 544, 547, 548, 549, and/or 550 of the Bankruptcy Code or any other applicable law shall be required to remit to the Proponent the determined amount of the avoided transfer prior to receiving any distribution under this Plan.

## ARTICLE VIII.  EFFECT OF CONFIRMATION, DISCHARGE, RELEASES AND INJUNCTION

### 8.1    Vesting of Property

On the Confirmation Date of the Plan, all property of the Estate shall vest in the Reorganized Debtor free and clear of all Claims and interests except as otherwise provided in this Plan. This Plan will evidence the release of any and all Liens or encumbrances against all property dealt with by the Plan, unless such Lien or encumbrance is specifically retained in the Plan.

### 8.2     Plan Creates New Obligations

Except as otherwise provided in the Plan, the payment terms promised in the Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date.

### 8.3     Legal Binding Effect

The provisions of this Plan shall: bind all holders of Claims and Interests, whether or not they accept this Plan.

### 8.4     Discharge

Pursuant to Bankruptcy Code Section 1141(d), confirmation of this Plan <u>does</u> discharge the Debtor.

### 8.5     Satisfaction of Claims and Interests

Except as otherwise provided by the Plan, the consideration distributed under the Plan shall be in complete satisfaction of all Claims of any Creditor, including Claims arising prior to the Effective Date.

### 8.6     Modification of the Plan

    a.    **Prior to Confirmation.** The Debtor may modify this Plan at any time prior to Confirmation, provided the modification complies with the requirements of sections 1122, 1123 and 1127 of the Bankruptcy Code. Upon the filing of any such modifications with the Bankruptcy Court, the Plan, as modified, becomes the Plan.

    b.    **After Confirmation.** The Debtor may modify the Plan at any time after Confirmation, upon compliance with Bankruptcy Code § 1127. The Proponent or its attorney shall provide notice of any such proposed modification to all Creditors and other parties in interest in these Chapter 11 proceedings. If, in the opinion of the Bankruptcy Court, the modification does not materially and adversely affect the interest of the Creditors, the Bankruptcy Court may modify the Plan without notice to Creditors, or may modify the Plan upon notice only to those Creditors that the Bankruptcy Court deems to be materially and adversely affected.

### 8.7     Temporary Injunction

Except as otherwise expressly provided in, or permitted under, this Plan, the Confirmation Order shall provide, among other things, that all Creditors and persons who have held, hold, or may hold Claims or Interests against the Debtor, are enjoined on and after the Effective Date as long as the Plan is not in default and has not been completed against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor or any third-party guarantor on account of Claims against the Debtor; (ii) enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against

the Debtor or any third-party guarantor or any assets or property of same; or (iii) creation, perfection, or enforcement of any encumbrance of any kind against the Debtor or any third-party guarantor arising from a Claim. Such injunction expires at the end of the Plan term at which time all Allowed Claims will have been paid in accordance with the terms of the Plan.

### 8.8    Retention of Jurisdiction

The Bankruptcy Court shall retain jurisdiction over this Bankruptcy Case after Confirmation of the Plan to the fullest extent provided for, or allowed, under the Bankruptcy Code and other applicable law. Specifically, but not by way of limitation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

    **a.**    to consider and effect any modification of this Plan under Bankruptcy Code § 1127;

    **b.**    to hear and determine all controversies, suits and disputes that arise in connection with the interpretation, implementation, effectuation, consummation or enforcement of this Plan;

    **c.**    to hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

    **d.**    to hear and determine all objections to Claims and Interests, and to determine the appropriate classification of any Claim or Interest, and other controversies, suits and disputes that may be pending at or initiated after the Confirmation Date, except as provided in the Confirmation Order;

    **e.**    to hear and determine all causes of action;

    **f.**    to consider and act on such other matters consistent with this Plan as may be provided in the Confirmation Order;

    **g.**    to make such Orders as are necessary and appropriate to carry out and implement the provisions of this Plan;

    **h.**    to approve the reasonableness of any payments made or to be made, within the meaning of Bankruptcy Code § 1129(a)(4);

    **i.**    to exercise the jurisdiction granted pursuant to sections 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, Commonwealth, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtor;

    **j.**    to hear and determine any issues or matters in connection with any property not timely claimed as provided in this Plan; and

**k.**   to determine any and all motions, applications, adversary proceedings and Contested matters whether pending in the Case as of the Effective Date or brought subsequently.

Nothing contained herein shall be construed to limit the rights of the Debtor to commence or prosecute any claim in any court of competent jurisdiction.

## ARTICLE IX.  MISCELLANEOUS PROVISIONS

### 9.1   Request for Relief Under Bankruptcy Code § 1129(b)

In the event any Impaired Class of Claims or Interests shall fail to accept this Plan in accordance with Bankruptcy Code § 1129(a), the Debtor requests that the Bankruptcy Court confirm this Plan in accordance with the provisions of Bankruptcy Code § 1129(b).

### 9.2   Headings

All headings utilized in this Plan are for convenience and reference only, and shall not constitute a part of this Plan for any other purpose.

### 9.3   Due Authorization

Each and every Claimant who elects to participate in the distributions provided for herein warrants that such Claimant is authorized to accept, in consideration of such Claim against the Debtor, the distributions provided for in this Plan and that there are not outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by such Claimant under this Plan.

### 9.4   Further Assurances and Authorizations

The Proponent shall seek such orders, judgments, injunctions, and rulings that may be required to carry out further the intentions and purposes, and to give full effect to the provisions of, this Plan.

### 9.5   Applicable Law

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the internal laws of the State of Texas without reference to the laws of other jurisdictions.

### 9.6   No Interest

Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty, or late charge is to be Allowed on any Claim subsequent to the Petition Date.

**9.7**     **Post-Confirmation Actions**

After Confirmation, the Debtor may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interests of the Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effect of the Plan.

**9.8**     **Notices of Default**

Notwithstanding anything contained herein to the contrary, no Claimant shall have the right to exercise any rights under the Plan unless and until the Debtor fails to cure any default within twenty (20) days of receipt of written notice of such default to the Debtor and its counsel.

**9.9**     **Notices**

All notices, requests, elections, or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested. Notices provided to the Debtor under this Plan shall be sent to the Debtor at 1333 W. McDermott Dr., Ste 150, Allen, Texas 75103, and counsel for the Debtor at Joyce W. Lindauer, Attorney, 1412 Main St., Suite 500, Dallas TX 75202.

**9.10**     **Payment Dates**

Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the next Business Day, except as may be provided in negotiable instruments requiring such payments.

**9.11**     **De Minimis Distribution**

No single distribution payment of less than $5.00 shall be required to be made to any holder of an Allowed Claim. Rather, any such de minimis distribution amount shall be held by the Debtor, added to the amount of the next distribution, and remitted to the holder of the Allowed Claim upon reaching a total greater than $5.00.

Dated: April 19, 2021.

Respectfully submitted,

_/s/ Joyce W. Lindauer_
Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St. Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

_/s/ Nikunj Patel_
Debtor by its Authorized Representative

# Miscellaneous:

<span style="color:purple">**21-40166 Shrungi LLC**</span>

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 4 (Sherman) |
| Assets: y | Judge: btr | Case Flag: SMALLBUSINESS |

### United States Bankruptcy Court

### Eastern District of Texas

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 3/23/2021 at 4:32 PM CDT and filed
on 3/23/2021

**Case Name:**      Shrungi LLC
**Case Number:**    21-40166
**Document Number:** 38

**Docket Text:**
Operating Report for Filing Period February 2021 Filed by Shrungi LLC (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Shrungi.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=995489823 [Date=3/23/2021] [FileNumber=19497305-0
] [2c09ddf38cfab7f3e31cdf03776110a9ea277312df4ca3b91ea56124bfabf62a411
e1e66a873dc24ce2868e5d4237549310ecc757c860735de13c1962673037d]]

**21-40166 Notice will be electronically mailed to:**

Jeff Carruth on behalf of Creditor Shri Ganeshay, LLC
jcarruth@wkpz.com, jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com

Jeff Carruth on behalf of Debtor Shrungi LLC
jcarruth@wkpz.com, jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com

Joyce W. Lindauer on behalf of Debtor Shrungi LLC
joyce@joycelindauer.com, dian@joycelindauer.com

Laurie A. Spindler on behalf of Creditor Wise County
laurie.spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

John M. Vardeman on behalf of U.S. Trustee US Trustee
john.m.vardeman@usdoj.gov

**21-40166 Notice will not be electronically mailed to:**

Booking, com B.V.
PO Box 1639
1000 BP Amsterdam

# EXHIBIT "1"

,

Expedia Group
1111 Expedia Group Way W.
Seattle, WA 98119

Waste Conections Lone Star, Inc
PO Box 819
Iowa Park, TX 76367-0819

Wise County Tax Office
404 W Walnut
Decatur, TX 76234

UNITED STATES BANKRUPTCY COURT
NORTHERN & EASTERN DISTRICTS OF TEXAS

| | | | |
|---|---|---|---|
| *In re* | *Name of Debtor.*<br>**SHRUNGI LLC** | Case No. | *Case No.* 21-40166 |
| | | Small Business Case under Chapter 11 | |

### SMALL BUSINESS MONTHLY OPERATING REPORT

| | | | |
|---|---|---|---|
| Month: | *Feb-21* | Date Filed: | *3/20/2021* |
| Line of Business: | *HOTEL - ACCOMODATION* | NAISC Code: | *721110* |

IN ACCORDANCE WITH TITLE 28, SECTION 1746, OF THE UNITED STATES CODE, I DECLARE UNDER PENALTY OF PERJURY THAT I HAVE EXAMINED THE FOLLOWING SMALL BUSINESS MONTHLY OPERATING REPORT AND THE ACCOMPANYING ATTACHMENTS AND, TO THE BEST OF MY KNOWLEDGE, THESE DOCUMENTS ARE TRUE, CORRECT AND COMPLETE.

Original Signature of Responsible Party

**SHRUNGI LLC - NIKUNJ PATEL**
Printed Name of Responsible Party

**Questionnaire:** *(All questions to be answered on behalf of the debtor.)*

| | | YES | NO |
|---|---|---|---|
| 1. | Is the business still operating? | | X |
| 2. | Have you paid all your bills on time this month? | | X |
| 3. | Did you pay your employees on time? | | N.A |
| 4. | Have you deposited all the receipts for your business into the DIP account this month? | | N.A |
| 5. | Have you filed all of your tax returns and paid all of your taxes this month? | | X |
| 6. | Have you timely filed all other required government filings? | | N.A |
| 7. | Have you paid all of your insurance premiums this month? | X | |
| 8. | Do you plan to continue to operate the business next month? | X | |
| 9. | Are you current on your quarterly fee payment to the U.S. Trustee? | | X |
| 10. | Have you paid anything to your attorney or other professionals this month? | | X |
| 11. | Did you have any unusual or significant unanticipated expenses this month? | | X |
| 12. | Has the business sold any goods or provided services or transferred any assets to any business related to the DIP in any way? | | X |
| 13. | Do you have any bank accounts open other than the DIP account? | | X |
| 14. | Have you sold any assets other than inventory this month? | | X |
| 15. | Did any insurance company cancel your policy this month? | | X |
| 16. | Have you borrowed money from anyone this month? | X | |
| 17. | Has anyone made an investment in your business this month? | | X |
| 18. | Have you paid any bills you owed before you filed bankruptcy? | | X |

| TAXES | YES | NO |
|---|---|---|
| Do you have any past due tax returns or past due post-petition tax obligations? | | X |

If yes, please provide a written explanation including when such returns will be filed, or when such payments will be made and the source of the funds for the payment.
*(Exhibit A)*

### INCOME

Please separately list all of the income you received for the month. The list should include all income from cash and credit transactions. *(The U.S. Trustee may waive this requirement.)*
*(Exhibit B)*

| | |
|---|---|
| **TOTAL INCOME** | $0.00 |

### SUMMARY OF CASH ON HAND

| | |
|---|---|
| Cash on Hand at Start of Month | $580.30 |
| Cash on Hand at End of Month | $580.30 |
| Please provide the total amount of cash currently available to the debtor. | $1,283.47 3/23/2021 |

## EXPENSES

Please separately list all expenses paid by cash or by check from your bank accounts this month.
Include the date paid, who was paid the money, the purpose and the amount.  *(The U.S. Trustee may waive this requirement.)*

*(Exhibit C)*

| | |
|---|---|
| **TOTAL EXPENSES** | $7,150.00 |

## CASH PROFIT

| | |
|---|---|
| Income for the month (Total from Exhibit B). | $0.00 |
| Expenses for the month (Total from Exhibit C). | $7,150.00 |
| *(Subtract Line C from Line B)*   **CASH PROFIT FOR THE MONTH** | ($7,150.00) |

## UNPAID BILLS

Please attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid.  The list must include the date the debt was incurred, who is owed the money, the purpose of the debt and when the debt is due.  *(The U.S. Trustee may waive this requirement.)*

*(Exhibit D)*

| | |
|---|---|
| **TOTAL PAYABLES** | $169,265.17 |

## MONEY OWED TO YOU

Please attach a list of all amounts owed to you by your customers for work you have done or the merchandise you have sold.  You should include who owes you the money, how much is owed and when is payment due.  *(The U.S. Trustee may waive this requirement.)*

*(Exhibit E)*

| | |
|---|---|
| **TOTAL RECEIVABLES** | $0.00 |

## BANKING INFORMATION

Please attach a copy of your latest bank statement for every account you have as of the date of this financial report or had during the period covered by this report.

*(Exhibit F)*

Attached Feb 2021

## EMPLOYEES

| | |
|---|---|
| Number of employees when the case was filed? | 0 |
| Number of employees as of the date of this monthly report? | 0 |

## PROFESSIONAL FEES

*BANKRUPTCY RELATED:*

| | |
|---|---|
| Professional fees relating to the bankruptcy case paid during this reporting period? | $0.00 |
| Total professional fees relating to the bankruptcy case paid since the filing of the case? | $0.00 |

*NON-BANKRUPTCY RELATED:*

| | |
|---|---|
| Professional fees not relating to the bankruptcy case paid during this reporting period? | $0.00 |
| Total professional fees not relating to the bankruptcy case paid since the filing of the case? | $0.00 |

## PROJECTIONS

Compare your actual income and expenses to the projections for the first 180 days of your case provided at the initial debtor interview.

| | Projected | Actual | Difference |
|---|---|---|---|
| INCOME | $0.00 | $0.00 | $0.00 |
| EXPENSE | $0.00 | $7,150.00 | ($7,150.00) |
| CASH PROFIT | $0.00 | ($7,150.00) | $7,150.00 |

| | |
|---|---|
| Total projected income for the next month: | $0.00 |
| Total projected expenses for the next month: | $5,000.00 |
| Total projected cash profit for the next month: | ($5,000.00) |

## ADDITIONAL INFORMATION

Please attach all financial reports including an income statement and balance sheet which you prepare internally.

3/23/2021

1:13 PM

03/23/21

Accrual Basis

# Shrungi LLC
## Profit & Loss
### January through February 2021

|  | Jan - Feb 21 |
|---|---|
| **Ordinary Income/Expense** |  |
| **Expense** |  |
| 63300 · Insurance Expense | 7,150.00 |
| **Total Expense** | 7,150.00 |
| **Net Ordinary Income** | -7,150.00 |
| **Net Income** | **-7,150.00** |

Page 1

1:14 PM

03/23/21

Accrual Basis

## Shrungi LLC
## Balance Sheet
### As of February 28, 2021

| | Feb 28, 21 |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Checking/Savings | |
| 11000 · Cash & Bank | |
| 11100 · State Bank of Texas | 905.30 |
| 11200 · Cash | -325.00 |
| **Total 11000 · Cash & Bank** | 580.30 |
| **Total Checking/Savings** | 580.30 |
| **Total Current Assets** | 580.30 |
| Fixed Assets | |
| 15000 · Furniture and Equipment | 300.40 |
| 15200 · Buildings and Improvements | |
| 15201 · Hotel Bridgeport | 2,528,587.11 |
| **Total 15200 · Buildings and Improvements** | 2,528,587.11 |
| **Total Fixed Assets** | 2,528,887.51 |
| **TOTAL ASSETS** | **2,529,467.81** |
| **LIABILITIES & EQUITY** | |
| Liabilities | |
| Current Liabilities | |
| Accounts Payable | |
| 20000 · Accounts Payable | 169,265.17 |
| **Total Accounts Payable** | 169,265.17 |
| Other Current Liabilities | |
| 24500 · Statutory Liabilities | |
| 24502 · State Tax Payable | 6,003.96 |
| 24503 · City Tax Payable | 6,848.57 |
| **Total 24500 · Statutory Liabilities** | 12,852.53 |
| 25000 · Loan Payable | |
| 25001 · Loan Pybl - Hotel Bridgeport | 2,234,442.00 |
| 25002 · Loan Pybl - Bhavi Hosp LLC | 27,145.00 |
| **Total 25000 · Loan Payable** | 2,261,587.00 |
| **Total Other Current Liabilities** | 2,274,439.53 |
| **Total Current Liabilities** | 2,443,704.70 |
| **Total Liabilities** | 2,443,704.70 |

1:14 PM
03/23/21
Accrual Basis

Page 2

## Shrungi LLC
## Balance Sheet
### As of February 28, 2021

| | Feb 28, 21 |
|---|---|
| **Equity** | |
| 30400 · Member 1 Equity | 277,594.77 |
| 32000 · Retained Earnings | -184,681.66 |
| Net Income | -7,150.00 |
| **Total Equity** | 85,763.11 |
| **TOTAL LIABILITIES & EQUITY** | 2,529,467.81 |

12:01 PM
03/23/21

## Shrungi LLC
## A/P Aging Summary
### As of February 28, 2021

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| American Tex -Chem Corp | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Arrow Exterminators Inc | 0.00 | 0.00 | 0.00 | 0.00 | 162.38 | 162.38 |
| Atmos Energy | 0.00 | 0.00 | 0.00 | 0.00 | -48.53 | -48.53 |
| Booking.com B.V. | 0.00 | 0.00 | 0.00 | 0.00 | 965.35 | 965.35 |
| City of Bridgeport | 0.00 | 0.00 | 0.00 | 0.00 | -0.05 | -0.05 |
| Direct TV | 0.00 | 0.00 | 0.00 | 0.00 | 251.59 | 251.59 |
| E Lox Inc | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Expedia Group | 0.00 | 0.00 | 0.00 | 0.00 | 883.59 | 883.59 |
| Shri Ganeshay LLC | 0.00 | 0.00 | 123,587.30 | 0.00 | 0.00 | 123,587.30 |
| The Home Depot Pro | 0.00 | 0.00 | 0.00 | 0.00 | 718.99 | 718.99 |
| Waste Connection Lone Star Inc | 0.00 | 0.00 | 0.00 | 0.00 | 855.78 | 855.78 |
| Wise County Tax Office | 0.00 | 0.00 | 41,888.77 | 0.00 | 0.00 | 41,888.77 |
| TOTAL | 0.00 | 0.00 | 165,476.07 | 0.00 | 3,789.10 | 169,265.17 |

Page 1



**State Bank of Texas**

```
                                              PAGE:    1
                          ACCOUNT:            02/26/2021
                          DOCUMENTS:        0
```

```
        SHRUNGI LLC                                  30
        2302 10TH ST                                  0
        BRIDGEPORT TX  76426-5027                     0
```

***The State Bank of Texas Privacy Policy has not changed in more than
twelve months.  You can find the Privacy Notice on our website at
www.statebnk.com***

## HOSPITALITY SUITE CHECKING ACCOUNT XXXX039260

```
                          LAST STATEMENT 01/29/21      1,283.47
MINIMUM BALANCE           1,283.47        CREDITS           .00
AVG AVAILABLE BALANCE     1,283.47        DEBITS            .00
AVERAGE BALANCE           1,283.47  THIS STATEMENT 02/26/21  1,283.47
```

- - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

| | TOTAL FOR THIS PERIOD | TOTAL YEAR TO DATE |
|---|---|---|
| TOTAL OVERDRAFT FEES: | $.00 | $.00 |
| TOTAL RETURNED ITEM FEES: | $.00 | $.00 |

- END OF STATEMENT -

IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS, PLEASE WRITE US AT THE ADDRESS ON THE FRONT OF THIS STATEMENT OR CALL US.

Please respond as soon as you can if you think your statement or receipt is wrong. Also, if you need more information about a transfer on the statement or receipt please respond to us as soon as possible. We must hear from you no later than 60 days after we send you the FIRST statement on which the error or problem appeared.

    (1) Tell us your name and account number.
    (2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
    (3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 days to do this, we will re-credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

| | CHECKS OUTSTANDING | |
|---|---|---|
| | NO. | AMOUNT |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**THIS IS PROVIDED TO HELP YOU BALANCE YOUR BANK STATEMENT**

BANK BALANCE
SHOWN ON THIS STATEMENT  $ _____

ADD + (IF ANY)
DEPOSITS NOT SHOWN
ON THIS STATEMENT  _____

TOTAL  _____

SUBTRACT - (IF ANY)
CHECKS OUTSTANDING  _____

BALANCE  $ _____
SHOULD AGREE WITH YOUR CHECKBOOK BALANCE

**THIS IS PROVIDED TO HELP YOU BALANCE YOUR CHECKBOOK**

CHECKBOOK BALANCE
AT STATEMENT DATE  $ _____

SUBTRACT - (IF ANY)
ACTIVITY CHARGE  _____

SUB -TOTAL  _____

SUBTRACT - (IF ANY)
OTHER BANK CHARGES  _____

BALANCE  $ _____
SHOULD AGREE WITH YOUR STATEMENT BALANCE

### IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR STATEMENT

You must examine your statement of account with "reasonable promptness." If you discover (or reasonably should have discovered) any unauthorized signature or alterations, you must promptly notify us of the relevant facts. As between you and us, if you fail to do either of these duties you will have to either share the loss with us or bear the loss entirely yourself (depending on whether we used ordinary care and, if not, whether we contributed to the loss) This loss could be not only with respect to items on the statement but other items with unauthorized signatures or alteration by the same wrong doer

You agree that the time you have to examine your statement and report to us will depend on the circumstances, but will not, in any circumstance, exceed a total of 30 days from when the statement is first send or made available to you

You further agree that if you fail to report any unauthorized signature, alterations, forgeries, or any of the errors in you account within 60 days of when we first send or make the statement available, you cannot assert a claim against us on any items in that statement, and as between you and us the loss will be entirely yours. This 60-day limitation is without regard to whether we used ordinary care. The limitation in this paragraph is in addition to that contained in the first paragraph of this section.

### TERMS GOVERNING ACCOUNTS

Deposits in or presentments to the Bank of any item for a customer's account shall constitute the customer's consent to the terms hereof with respect to the account and all items deposited therein or presented to the Bank for payment

All deposits and collections shall be governed by the pertinent provisions of the Uniform Commercial Code -- Bank Deposits & Collection (of Texas) as from time to time amended, or as varied by agreements permitted by that statute, including those hereinafter set out

Receipt from others of items for credit to a customer's account shall render the customer liable to the Bank to the same extent as though they had been endorsed by and received directly from the customer. No money or item shall be deemed to have been received by the Bank unless it shall have issued a receipt therefore

The account shall at all times be subject to service and maintenance charges according to the practice of the Bank prevailing at the time.

When the Bank deems such action proper, the Bank may require that the account be closed

The provisions hereof shall control, in event of conflict with any deposit slip or passbook

The Bank reserves the right to change the provisions hereof by printing on its statement Terms Governing Accounts, incorporating the change. The new Terms Governing Account will be effective, prospectively, when the statement containing the change is made available to the customer, by mailing or otherwise

| Fill in this information to identify the case |
|---|
| Debtor name **Shrungi LLC** |
| United States Bankruptcy Court for the: **EASTERN DISTRICT OF TEXAS** |
| Case number **21-40166-btr** (if known) |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include property and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**
   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

Current value of debtor's interest

2. **Cash on hand** _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. **State Bank of Texas** Checking account | **Checking account** | 9  2  6  0 | $905.30 |

4. **Other cash equivalents** *(Identify all)*

Name of institution (bank or brokerage firm)

5. **Total of Part 1**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $905.30 |
|---|

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**
   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

# EXHIBIT "2"

| Debtor | **Shrungi LLC** | Case number (if known) | **21-40166-btr** |
|---|---|---|---|
| | Name | | |

**Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

9. **Total of Part 2.**
   Add lines 7 through 8. Copy the total to line 81.

   **$0.00**

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.
    ☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

11a. 90 days old or less: _____ – _____ = ·············➔ _____
     face amount       doubtful or uncollectible accounts

11b. Over 90 days old: _____ – _____ = ·············➔ _____
     face amount       doubtful or uncollectible accounts

12. **Total of Part 3**
    Current value on lines 11a + 11b = line 12. Copy the total to line 82.

    **$0.00**

## Part 4: Investments

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.
    ☐ Yes. Fill in the information below.

| | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                          % of ownership:

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

17. **Total of Part 4**
    Add lines 14 through 16. Copy the total to line 83.

    **$0.00**

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☑ No. Go to Part 6.
    ☐ Yes. Fill in the information below.

Debtor   **Shrungi LLC**                                                Case number (if known)  **21-40166-btr**
_____                                _____
Name

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 22. **Other inventory or supplies** | | | | |

23. **Total of Part 5**
Add lines 19 through 22.  Copy the total to line 84.

$0.00

24. **Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

**Part 6:**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**
☑ No.  Go to Part 7.
☐ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| 29. **Farm animals**  *Examples:*  Livestock, poultry, farm-raised fish | | | |
| 30. **Farm machinery and equipment**  (Other than titled motor vehicles) | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6.**
Add lines 28 through 32.  Copy the total to line 85.

$0.00

34. **Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
☐ No
☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

| Debtor | Shrungi LLC | Case number (if known) | 21-40166-btr |
|---|---|---|---|
| | Name | | |

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| **40. Office fixtures** | | | |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| Office Furniture, Computers & Equipment | | | $2,500.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

**43. Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$2,500.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
☑ No
☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| **49. Aircraft and accessories** | | | |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |

**51. Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☐ No
☐ Yes

| Debtor | **Shrungi LLC** | Case number (if known) | **21-40166-btr** |
|---|---|---|---|
| | Name | | |

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **2302 10th Street**<br>**Bridgeport, TX 76426** | **Commercial Prop.** | **$2,050,000.00** | **SLM** | **$850,000.00** |

**56. Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

**$850,000.00**

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☑ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☑ No
☐ Yes

## Part 10: Intangibles and Intellectual Property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| **61. Internet domain names and websites** | | | |
| **62. Licenses, franchises, and royalties** | | | |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| **64. Other intangibles, or intellectual property** | | | |
| **65. Goodwill** | | | |

**66. Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

**$0.00**

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☐ No
☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☐ No
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☐ No
☐ Yes

| Debtor | **Shrungi LLC** | | Case number (if known) | **21-40166-btr** |
|--------|-----------------|--|-----------------------|------------------|
| | Name | | | |

### Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|--|-----------------------------------|

**71. Notes receivable**

Description (include name of obligor)

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

**73. Interests in insurance policies or annuities**

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**76. Trusts, equitable or future interests in property**

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

| | Current value |
|--|--------------|
| **Furnishings for 20 King Size Rooms including, but not limited to, bed, dresser, TV, nightstands, chairs, lamps, linens** | $50,000.00 |
| **Furnishings for 34 Double Size Rooms including, but not limited to, bed, dresser, TV, nightstands, chairs, lamps, linens** | $122,500.00 |
| **Furnishings for 4 Suite Rooms including, but not limited to, bed, dresser, TV, nightstands, chairs, lamps, linens** | $12,000.00 |
| **Pool Equipment and Supplies** | $2,500.00 |
| **Laundry Room Facilities and Kitchen Facilities** | $10,000.00 |
| **Ice Makers** | $500.00 |

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$197,500.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Debtor | **Shrungi LLC** | Case number (if known) | **21-40166-btr** |
|---|---|---|---|
| | Name | | |

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $905.30 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $2,500.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..............................➔ | | $850,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $197,500.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. 91a. | $200,905.30 | + 91b. $850,000.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92..................................... | | $1,050,905.30 |

# CHAPTER 11 DEBTOR PROJECTIONS
# Shrungi LLC

| | | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 |
|---|---|---|---|---|---|---|
| **INCOME** | | | | | | |
| | Income (less vacancy 10%) | 63,720.00 | 63,720.00 | 63,720.00 | 63,720.00 | 63,720.00 |
| | Legal Retainer | 6,750.00 | | | | |
| | **NET INCOME** | 70,470.00 | 63,720.00 | 63,720.00 | 63,720.00 | 63,720.00 |
| **EXPENSES** | | | | | | |
| | Expenses | 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 |
| | **TOTAL EXPENSES** | 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 |
| **PLAN PAYMENTS**  Class | | | | | | |
| | Administrative Claims | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| 1 | Allowed Non-Tax Priority Claims | 0.00 | | | | |
| 2 | All Allowed Claims of Shri Ganeshay LLC | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 |
| 3 | Secured Claim of Wise County | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 |
| 4 | Unsecured Claims | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 |
| 5 | The Debtor- Insiders | 0.00 | | | | |
| 6 | **TOTAL PLAN PAYMENTS** | | | | | |
| | | 15,068.50 | 15,068.50 | 15,068.50 | 15,068.50 | 15,068.50 |
| **NET INCOME** | | 6,901.50 | 151.50 | 151.50 | 151.50 | 151.50 |
| **CUMULATIVE INCOME** | | 6,901.50 | 7,053.00 | 7,204.50 | 7,356.00 | 7,507.50 |

Claim of Shri Ganeshay LLC subject to reduction for claims brought by debtor.  Such reduction is not reflected in the projections.

**EXHIBIT "3"**

| Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Month 13 | Month 14 | Month 15 |
|---|---|---|---|---|---|---|---|---|---|
| 63,720.00 | 63,720.00 | 63,720.00 | 63,720.00 | 63,720.00 | 63,720.00 | 72,000.00 | 72,000.00 | 72,000.00 | 72,000.00 |
| 63,720.00 | 63,720.00 | 63,720.00 | 63,720.00 | 63,720.00 | 63,720.00 | 72,000.00 | 72,000.00 | 72,000.00 | 72,000.00 |
| 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 | 53,500.00 | 53,500.00 | 53,500.00 |
| 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 | 48,500.00 | 53,500.00 | 53,500.00 | 53,500.00 |
| 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | | |
| 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 |
| 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 |
| 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 |
| | | | | | | | | 0.00 | 0.00 |
| 15,068.50 | 15,068.50 | 15,068.50 | 15,068.50 | 15,068.50 | 15,068.50 | 15,068.50 | 15,068.50 | 13,068.50 | 13,068.50 |
| 151.50 | 151.50 | 151.50 | 151.50 | 151.50 | 151.50 | 8,431.50 | 3,431.50 | 5,431.50 | 5,431.50 |
| 7,659.00 | 7,810.50 | 7,962.00 | 8,113.50 | 8,265.00 | 8,416.50 | 16,848.00 | 20,279.50 | 25,711.00 | 31,142.50 |

| Month 16 | Month 17 | Month 18 | Month 19 | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 | Month 25 |
|---|---|---|---|---|---|---|---|---|---|
| 72,000.00 | 72,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| 72,000.00 | 72,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| 53,500.00 | 53,500.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| 53,500.00 | 53,500.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 |
| 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 |
| 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 |
| 5,431.50 | 5,431.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 |
| 36,574.00 | 42,005.50 | 48,937.00 | 55,868.50 | 62,800.00 | 69,731.50 | 76,663.00 | 83,594.50 | 90,526.00 | 97,457.50 |

| Month 26 | Month 27 | Month 28 | Month 29 | Month 30 | Month 31 | Month 32 | Month 33 | Month 34 | Month 35 |
|---|---|---|---|---|---|---|---|---|---|
| 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 |
| 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 |
| 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 |
| 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 |
| 104,389.00 | 111,320.50 | 118,252.00 | 125,183.50 | 132,115.00 | 139,046.50 | 145,978.00 | 152,909.50 | 159,841.00 | 166,772.50 |

| Month 36 | Month 37 | Month 38 | Month 39 | Month 40 | Month 41 | Month 42 | Month 43 | Month 44 | Month 45 |
|---|---|---|---|---|---|---|---|---|---|
| 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 |
| 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 |
| 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 |
| 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 |
| 173,704.00 | 180,635.50 | 187,567.00 | 194,498.50 | 201,430.00 | 208,361.50 | 215,293.00 | 222,224.50 | 229,156.00 | 236,087.50 |

| Month 46 | Month 47 | Month 48 | Month 49 | Month 50 | Month 51 | Month 52 | Month 53 | Month 54 | Month 55 |
|---|---|---|---|---|---|---|---|---|---|
| 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 |
| 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 |
| 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 | 89.45 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 |
| 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 |
| 243,019.00 | 249,950.50 | 256,882.00 | 263,813.50 | 270,745.00 | 277,676.50 | 284,608.00 | 291,539.50 | 298,471.00 | 305,402.50 |

| Month 56 | Month 57 | Month 58 | Month 59 | Month 60 |
|---|---|---|---|---|
| 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 | 75,000.00 |
| 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 | 11,068.65 |
| 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 | 1,910.40 |
| 89.45 | 89.45 | 89.45 | 89.45 | 89.45 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 | 13,068.50 |
| 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 | 6,931.50 |
| 312,334.00 | 319,265.50 | 326,197.00 | 333,128.50 | 340,060.00 |